IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51282
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO RAMIREZ-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-534-1-WWJ
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mario Ramirez-Flores appeals the sentence imposed following his conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Ramirez-Flores complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction. Ramirez-Flores argues that the sentencing provision violates the Due Process Clause because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact which increased the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maximum sentence to which he otherwise would have been exposed. Ramirez-Flores thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Ramirez-Flores acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.